19957

Patsy CHAPMAN, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant

(211 S. E. (2d) 876)

*Messrs. William M. Grant, Jr.,* and *H. Donald Sellers,* of Greenville, *for Appellant,*

*Messrs. Chapman & Lowery,* of Anderson, *for Respondent,*

February 10, 1975.

*Per Curiam:*

Pasty Chapman, the respondent herein, on May 1, 1970, was riding as a passenger in an automobile operated by one Earl McCoy, he being at the time, an uninsured motorist. She alleged that she sustained personal injuries caused by accident and arising out of the ownership, maintenance and use of the uninsured automobile. Earl McCoy died subsequent to the accident from a totally unrelated cause, and a default judgment was entered against his estate and in favor of the respondent.

The present action was instituted by the respondent against Allstate Insurance Company, the appellant herein, to recover the amount of the default judgment obtained against the estate of Earl McCoy, under the uninsured motorist endorsement of a policy of automobile liability insurance issued to her father, she being, at the time, a member of his household. The appellant denies that the respondent was injured as the result of an accident arising out of the use of an uninsured motor vehicle or that its policy afforded coverage to her.

This action is one at law and was, by agreement of the parties, tried before the Honorable Clarence E. Singletary, presiding judge, without a jury, on a stipulation of facts. We have held that where a law case is tried by a judge without a jury, his findings of fact have the force and effect of a jury verdict upon the issues, and are conclusive upon appeal when supported by competent evidence. *Beheler v. National Grange Mut. Ins. Co.,* 252

S. C. 530, 167 S. E. (2d) 436. We have carefully examined the stipulation and conclude that the trial judge has reached a conclusion of which the facts are susceptible. We are bound by his finding of fact.

We are convinced that the order of the trial judge, as reported herewith, correctly disposes of the issues raised by the appellant. The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

## ORDER OF JUDGE SINGLETARY

This action arises out of an incident which occurred in May of 1970. It was instituted by the Plaintiff in an effort to recover from the Defendant the amount of a default judgment obtained against the estate of Earl McCoy, an uninsured motorist. It is before this Court on an agreed statement of fact and was argued orally on March 4, 1974.

The Plaintiff brought an action against the estate of Earl McCoy, Mr. McCoy having died subsequent to this incident from totally unrelated causes, and a default judgment was entered against his estate. This action was then instituted against Allstate Insurance Company to recover the amount of the default judgment obtained against the estate of Earl McCoy, under the uninsured motorist endorsement to a policy of automobile liability insurance issued to Plaintiff's father.

According to the facts submitted to this Court, on the afternoon of May 1, 1970, the Plaintiff was in an establishment known as the Rock Quarry when she was invited by one Earl McCoy to accompany him and another young lady to Liberty, South Carolina. The Plaintiff accepted the invitation and rode with Earl McCoy and this unidentified young lady to Liberty where the young lady departed. The Plaintiff was then invited by Mr. McCoy to accompany him to Easley, South Carolina where he was to pick up his pay

check. After accomplishing this task, the Plaintiff and Mr. McCoy went to an establishment in Easley called the Spot where Mr. McCoy consumed several beers. The Plaintiff and Mr. McCoy then left the Spot and went to the Party Shop where Mr. McCoy consumed several more beers. The Plaintiff then left the Party Shop with Mr. McCoy, apparently planning to return home. Mr. McCoy drove instead to a wooded area and attempted to molest the Plaintiff. When the Plaintiff refused his advances, Mr. McCoy became angry and chased the Plaintiff from the car and into the woods. For reasons not explained to the Court Mr. McCoy gave up the chase and returned to his car. The Plaintiff began walking up the road and Mr. McCoy drove along side her and coaxed her back into the car with a promise that he would take her back to the Rock Quarry. The Plaintiff got back into the car with Mr. McCoy and he started toward Anderson, South Carolina. The Plaintiff apparently insisted that Mr. McCoy stop the car and get her a coke, but he refused to do so.

At this point, the parties are unable to agree on the facts. Plaintiff testified under oath, in the action against McCoy, that McCoy began pushing her around and the door came open and she fell from the moving car. Another version of the events is set out in a statement taken from Plaintiff by Defendant's adjustor. In her statement she says McCoy hit her in the face with his fist and knocked her unconscious, and she woke up in a hospital suffering from severe personal injuries. Her statement to the adjustor includes hearsay statements that her parents were told by McCoy and Pickens County deputies that she jumped from the car and had scratches on her back. At the trial she testified that her injuries consisted of a brain concussion, an eye injury which required surgery, stitches in her head, injuries to her left ear resulting in the loss of hearing in the ear, and bruises and scratches all over her body.

After considering the disputed facts recited in the foregoing paragraph, the Court concludes the only reasonable

inference to be drawn from all of the testimony and stipulations is that Plaintiff was injured in a fall from the uninsured motorist's moving automobile.

The uninsured motorist endorsement to the motor vehicle liability insurance policy in issue provides that the Defendant insurer will:

"Pay all sums which the insured or his legal representative shall be entitled to recover as damages from the owner or operator because of bodily injury . . . sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

The issues presented to this Court for resolution are:

"1. Was the injury to the Plaintiff 'caused by accident'?

"2. Did the injury to the Plaintiff arise out of the ownership, maintenance or use of an uninsured automobile?"

Each of these questions must be resolved in favor of the Plaintiff. Viewed from the Plaintiff's standpoint, her injuries were caused by accident. While no cases in South Carolina involving automobiles has come to the attention of the court, consider *Page v. North Carolina Mutual Life Insurance Company,* 207 S. C. 277, 35 S. E. (2d) 716 (1945), dealing with accidental life policies. The same conclusion was reached in a recent North Carolina case involving an automobile, holding when an insured is intentionally injured and the injury is as to him unforeseen and not the result of his own misconduct, the general rule is that the injury is accidentally sustained within the meaning of the ordinary accident insurance policy and the insurer is liable therefor in the absence of a policy provision excluding such liability. *Nationwide Mutual Insurance Company v. Mac-Ray Roberts,* 261 N. C. 285, 134 S. E. (2d) 654 (1964).

Having concluded the injury to the Plaintiff was caused by accident, as to her unforeseen and not the result of her own misconduct, it is clear the injury arose out of the use of the uninsured automobile. Plaintiff received injuries in

a fall from the automobile while it was being driven by McCoy, while Plaintiff was a guest passenger.

Plaintiff argued additionally that the above quoted uninsured motorist endorsement failed to comply with the requirements of the uninsured provision of the South Carolina law. It is unnecessary to consider this question in view of the favorable resolution of questions 1 and 2 for the Plaintiff, . . .