458 So.2d 834 (1984)
FORTUNE INSURANCE COMPANY, Appellant,
v.
Lazaro FERREIRO, Appellee.
No. 84-537.
District Court of Appeal of Florida, Third District.
November 6, 1984.
Walton, Lantaff, Schroeder & Carson and Sally R. Doerner and Robert J. Strunin, Miami, for appellant.
Goldfarb & Gold and Robert H. Yaffe, Miami, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
HENDRY, Judge.
Fortune Insurance Company appeals from a final summary judgment in favor of the insured in an action brought to compel arbitration on the uninsured motorist coverage portion of an automobile insurance policy. We affirm.
Appellee was a passenger in a truck owned by his employer when he was shot in the hand by the driver of a car which was apparently attempting to force the truck off the road. The assailant was not apprehended. Appellee thereafter brought a declaratory judgment action to compel arbitration of his uninsured motorist claim pursuant to Chapter 87, Florida Statutes (1983). Appellant defended on the premise that the incident was not the result of "an accident arising out of the use, maintenance or operation of a motor vehicle." Both parties moved for summary judgment.
We find that our affirmance is compelled by the decision in Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984), in which the Florida Supreme Court found that personal injury protection benefits were available to an insured who was shot after refusing to give the assailant a ride. In so holding the court stated:
It is well settled that "arising out of" does not mean "proximately caused by," but has a much broader meaning. All that is required is some nexus between the motor vehicle and the injury ... The clause, "arising out of the use of a motor vehicle," is framed in such general, comprehensive terms in order to express the intent to effect broad coverage. Such terms should be construed liberally because *835 their function is to extend coverage broadly.
Id. at 1119 (citations omitted). Appellee clearly would be eligible for uninsured motorist benefits if the assailant had succeeded in forcing his truck off the road, thereby injuring him. It would be anomalous indeed to find no coverage where the assailant effected appellee's injury but with a different instrumentality, i.e., a gun.
Affirmed.