Moore, Justice:
 

 This is a declaratory judgment action to determine coverage under an automobile insurance policy for damage to a building caused by a truck crane. The trial judge found coverage. We reverse.
 

 FACTS
 

 Appellant (Canal) issued an automobile insurance policy to respondent Murdaugh, the owner and operator of the truck crane. Respondent Insurance Company of North America has a subrogation interest.
 

 The truck crane is a single unit which uses the same power source to drive the truck and activate the crane. To use the 45-ton crane, the truck is hoisted off its tires on retractable hydraulic outriggers which level the crane while in use. The accident occurred while Murdaugh was using the truck crane
 
 *3
 
 to lift a condenser onto the roof of respondent M
 
 &
 
 R’s building. While lifting the condenser, the crane became unbalanced and tipped over, crashing into the building.
 

 ISSUES
 

 1. Whether the policy excludes coverage.
 

 2. Whether coverage is mandated under S.C. Code Ann. § 38-77-140 (1989).
 

 DISCUSSION
 

 Canal argues the accident is not covered under its policy with Murdaugh for two reasons. First, it argues the exclusion for “mobile equipment” precludes coverage. The policy excludes from the definition of “automobile” any “mobile equipment” which is defined to include “a land vehicle . . . designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes_” The trial judge found this exclusion did not apply.
 

 We find the trial judge properly construed this exclusion in the policy. The truck crane is the only vehicle listed in the policy as a covered vehicle. The exclusion cannot be read to prohibit coverage for the only vehicle contemplated by the parties to the policy.
 
 Accord U.S. Fid. & Guar. Co. v. Gillis,
 
 164 Ga. App. 278, 296 S.E. (2d) 253 (1982) (truck with boom and ladder covered despite exclusion for mobile equipment).
 

 Second, Canal argues the accident is not covered because the policy includes the following endorsement:
 

 It is hereby understood and agreed that no coverage is afforded for any accident resulting [from] the use of the crane.
 

 The trial judge found this endorsement invalid because it would exclude coverage for the only covered vehicle in the policy.
 

 We disagree with the trial court’s construction of this endorsement. The endorsement specifies use of the
 
 crane,
 
 whereas the vehicle listed for coverage is a “1975 Linkbelt Truck Crane.” It is unambiguous that the endorsement is intended to exclude from coverage only accidents caused by use
 
 *4
 
 of the crane part of the truck. Since the crane can be used only when the truck is hoisted on the outriggers, this endorsement would not exclude coverage for damages caused by the truck crane while used as a means of transportation. Thus, the endorsement provides a limited and facially valid exclusion.
 

 Since the policy contemplates an exclusion for use of the crane, the question then becomes whether such an exclusion is allowable under the statutes governing automobile insurance.
 

 Section 38-77-140 (1989) provides in pertinent part:
 

 No automobile insurance policy may be issued . .. unless it contains a provision insuring the persons defined as insured against loss from the liability imposed by law
 
 for damages arising out of the ownership, maintenance, or use of these motor vehicles....
 

 The question here is whether use of the crane constitutes use of a motor vehicle to mandate coverage under the statute.
 

 In the recent case of
 
 Wausau Underwriters Ins. v. Howser,
 
 — S.C. —, 422 S.E. (2d) 106 (1992), this Court interpreted “use of a motor vehicle” to mandate coverage for gunshot wounds sustained by a driver who was shot by the driver of another vehicle during a vehicular chase. In
 
 Wausau,
 
 however, we specifically declined to decide whether the vehicle must be used for transportation at the time of the injury to be included in the mandated coverage. 422 S.E. (2d) at 109, n. 2. Here, the truck crane was not being used for transportation at the time of the accident.
 

 We now construe § 38-77-140 and define “use of a motor vehicle” as limited to transportation uses. This is the definition used in
 
 Continental Western Ins. Co. v. Klug,
 
 415 N.W. (2d) 876 (Minn. 1987), a case upon which this Court relied in
 
 Wassau. See also Classified Ins. Corp. v. Vodinelich,
 
 368 N.W. (2d) 921 (Minn. 1985) (coverage not mandated where auto used by insured to commit suicide in garage and her children were accidentally asphyxiated in the home);
 
 Waldbillig v. St. Farm Mut. Auto. Ins. Co.,
 
 321 N.W. (2d) 49 (Minn. 1982) (coverage not mandated where insured’s hand was injured working on backhoe permanently mounted on back of truck). Such a construction of § 38-77-140 is consistent with legislative intent to mandate coverage for the benefit of
 
 *5
 
 the public since it encompasses those uses foreseeable to the parties to an automobile insurance policy.
 

 Accordingly, the judgment of the circuit court is
 

 Reversed.
 

 Harwell, C.J., and Chandler, Finney and Toal, JJ., concur.