45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; Allstate
Insurance Company, Plaintiffs-Appellees,
v.
Hayes JUSTUS, Jr.; Bobbie Ann Justus, Defendants-Appellants,
and Robert Bright; Floyd Eugene Bright; Donald Douglas
Justus; Bobby Joe Justus; Randy Lynn Justus;
Donald Gene Nickels; Lisa Lynn Neyman,
Defendants.
 No. 94-1725.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 6, 1994.
Decided: December 22, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Cynthia D. Kinser, Magistrate Judge. (CA-92-51)
 James Edward Slone, Grundy, VA, for Appellants. Howard C. McElroy, White, Bundy, McElroy, Hodges & Sargent, Abingdon, VA; William M. Moffet, Penn, Stuart, Eskridge & Jones, Abingdon, VA, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Hayes Justus, Jr. and Bobbie Ann Justus ("the Justuses") appeal from the magistrate judge's order[1] granting summary judgment for State Farm Mutual Automobile Insurance Company ("State Farm") and Allstate Insurance Company ("Allstate") in their declaratory judgment action. Because we find that the passenger's death did not arise out of the "ownership, maintenance, or use of" an automobile in this case, we affirm.
 
 
 2
 State Farm and Allstate[2] filed this action for declaratory judgment, requesting a determination that the terms of their respective insurance policies do not provide coverage for the events resulting in the death of Wadie Rebecca Justus ("Becky"). The sole issue for resolution in this appeal is whether the death caused by a gunshot from outside the vehicle arose out of the "ownership, maintenance, or use of" an automobile.[3] The parties do not dispute the relevant facts. On December 1, 1989, Robert Bright, accompanied by Becky Justus, drove to a convenience store. While there, Jessee Vanover and Homer Vanover threatened Bright. Bright and Becky returned to the automobile and drove away without making their purchase.
 
 
 3
 Several minutes later, believing that the Vanovers had left, Bright and Becky returned to the store. Bright saw the Vanovers, parked the car, and remained in the vehicle. Roger Lester, who was with the Vanovers, approached Bright's automobile and grabbed Bright. Bright raised a gun[4] and fired, mortally wounding Lester.
 
 
 4
 Bright remained seated in the parked automobile, spoke to bystanders, and then rolled up his window awaiting the arrival of the police. A short time later, Bright looked over and saw that Jessee Vanover, who was in the back seat of the Vanovers' car, pulled out a shotgun. Bright ducked and instructed Becky to duck. The shotgun blast struck Becky, who was in the passenger seat. Bright then drove away from the store, taking Becky to the hospital, where she was pronounced dead.[5]
 
 
 5
 The magistrate judge entered summary judgment for State Farm and Allstate, finding that Becky Justus's death did not arise out of the ownership, maintenance, or use of a motor vehicle. The Justuses appealed.
 
 
 6
 The Virginia Supreme Court has held that for an incident to arise out of the use of a vehicle under a policy with language similar to that involved in this case, there must be a causal relationship between the incident and employment of the insured motor vehicle as a vehicle, and there must be a sufficient nexus between the person injured and the vehicle. State Farm Mut. Auto. Ins. Co. v. Rice, 391 S.E.2d 71, 73 (Va.1990); State Farm Mut. Auto. Ins. Co. v. Powell, 318 S.E.2d 393, 397 (Va.1984).
 
 
 7
 We find that there existed a sufficient nexus between Becky and the automobile. Becky rode to the store as a passenger in the automobile, and, at the time of the shooting, Becky was a passenger in the car. See Rice, 391 S.E.2d at 73.
 
 
 8
 However, we find lacking the necessary causal relationship between the incident and employment of the motor vehicle as a vehicle. Bright's vehicle, like the vehicle in Powell, "merely was the situs for a social gathering." See Powell, 318 S.E.2d at 398. Bright and Becky were seated in the parked vehicle when Jessee Vanover shot into the vehicle. Neither Vanover nor his shotgun were in the vehicle anytime that evening. No use of the automobile caused the discharge of the shotgun;[6] rather, " 'the intentional, criminal act of [Vanover] was an intervening cause of injury unrelated to the use of the vehicle.' " Erie Ins. Co. Exch. v. Jones, No. 931692, 1994 WL 503389, at * 3 (Va. Sept. 16, 1994) (rejecting a "but for" analysis). In sum, there was no causal relationship between Vanover's act of shooting Becky and the use of the automobile as a vehicle. See Powell, 318 S.E.2d at 397.
 
 
 9
 Accordingly, the magistrate judge properly determined that the incident did not arise out of the ownership, maintenance, or use of the automobile. We grant State Farm's and Allstate's motion to submit on briefs and affirm the magistrate judge's order granting summary judgment for the insurers.[7]
 
 
 
 [1]
 The parties consented to disposition of this case by a magistrate judge. See 28 U.S.C.A. Sec. 636(c)(1) (West 1993)
 
 
 [2]
 Allstate was originally named as a Defendant in this action, but the magistrate judge later granted the insurers' motion to realign the parties to name Allstate as a Plaintiff
 
 
 [3]
 The terms of State Farm's policy on Bright's vehicle and Allstate's policy issued to the Justuses both provide coverage for injuries resulting from the "ownership, maintenance or use" of the vehicle
 
 
 [4]
 Robert Bright, a security guard for a coal company during a mine strike, was licensed and required to carry firearms for his work and routinely carried several guns in the automobile
 
 
 [5]
 The Justuses and Hayes Justus, Jr., as administrator of the estate of Becky Justus, filed a wrongful death action in the Circuit Court of Buchanan County, Virginia, against Robert Bright. This Court has upheld the use of declaratory judgment to resolve coverage issues while a tort action is pending in the state court. Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371 (4th Cir.1994)
 
 
 [6]
 Bright's act of shooting Lester with a pistol from within the vehicle was not connected with Bright's use of the automobile; rather, it was precipitated by Lester's act of attacking Bright
 
 
 [7]
 Appellants' reliance upon Green Bus Lines v. Ocean Accident & Guar. Corp., 39 N.E.2d 251 (N.Y.1942), and Chapman v. Allstate Ins. Co., 211 S.E.2d 876 (S.C.1975), is misplaced. These cases, while not authoritative in this Circuit or in Virginia, are distinguishable from the facts presented in this appeal