2433

Dewayne CARRAWAY, Respondent v. James SMITH,
by SOUTH CAROLINA INSURANCE COMPANY, Appellant.

(467 S.E. (2d) 120)

Court of Appeals

*Michael M. Nunn* and *D. Andrew Williams,* both of *Coleman, Aiken & Chase,* Florence, *for appellant.*

*Karl H. Smith* and *Fred S. Reynolds,* both of *Stanton, Jones & Smith,* Hartsville, *for respondent.*

Heard Nov. 7, 1995.

Decided Dec. 19, 1995; Reh. Den. Feb. 22, 1996.

HEARN, Judge:

This declaratory judgment action involves determination of the extent of coverage under the uninsured motorist provision of an automobile insurance policy. The circuit court held Dewayne Carraway's insurance policy provided coverage for damages he sustained during a shooting incident. South Carolina Insurance Company, defending on behalf of James Smith, appeals. We reverse.

On April 25, 1991, while driving his mother's car in Hartsville, South Carolina, Carraway approached an intersection behind a red car in which Smith was traveling. The red car stopped at the intersection's stop sign and Carraway stopped behind it. While Carraway was waiting to proceed, Smith exited the red car and began speaking with a third party who was standing on the adjacent sidewalk. Carraway waited in his own car, with the engine running, as Smith conversed with the third party for approximately five minutes and the red car remained stopped at the intersection.

After standing outside the red car and talking for several minutes, Smith pulled out a gun and began shooting at someone on the sidewalk. One of the bullets Smith fired went through Carraway's windshield, causing glass fragments to strike Carraway in the face. After the bullet hit his windshield, Carraway ducked down in his car until he no longer heard shots being fired. When Carraway arose, Smith had fled and the red car was gone. Thereafter, Carraway was treated for injuries to his eye caused by the flying glass fragments.

Carraway instituted this action for damages against Smith in June of 1992, alleging negligence, willfulness, recklessness, and intentional misconduct in connection with the shooting incident. South Carolina Insurance Company (Insurer), Carraway's uninsured motorist carrier, exercised its statutory right under S.C. Code Ann. § 38-77-150 (Supp. 1994) to appear and defend the case in Smith's name. Prior to trial, Insurer moved for summary judgment on the issue of whether it was

liable for Carraway's injuries under the statutory uninsured motorist provision involving injuries "arising out of the ownership, maintenance, or use" of an uninsured vehicle. S.C. Code Ann. § 38-77-140 (Supp. 1994).

At the hearing on Insurer's summary judgment motion, counsel for Insurer agreed to have its motion heard in the posture of a declaratory judgment action. After hearing arguments from both parties, the circuit court found there was a causal connection between Smith's use of the red vehicle and Carraway's injuries, and awarded Carraway $4,500 in actual damages and $4,000 in punitive damages. This appeal followed.

In *Wausau Underwriter's Ins. Co. v. Howser*, 309 S.C. 269, 422 S.E. (2d) 106 (1992), our supreme court considered the question of whether an insurer was liable, pursuant to S.C. Code Ann. § 38-77-140, for gunshot injuries sustained by a person traveling on a public highway in an insured vehicle and inflicted during a vehicular chase by an unknown owner or operator of an unidentified vehicle. In holding Wausau was liable for the claimant's injuries, the Court articulated a two-pronged test for determining when an injury arises out of the ownership, maintenance, or use of an uninsured vehicle. *Id.* First, the party seeking coverage must establish a "causal connection" between the vehicle and the injury. As defined by the *Wausau* Court, the causation required is something less than proximate cause and something more than the vehicle being the mere site of the injury. *Id.* In addition, there must exist no act of independent significance breaking the causal link. *Id.* at 274, 422 S.E. (2d) at 109, citing *Hite v. Hartford Accident & Indem. Co.*, 288 S.C. 616, 344 S.E. (2d) 173 (Ct. App. 1986) ("if the injury is directly caused by some independent act or intervening cause wholly disassociated from, independent of and remote from the use of the automobile, the injury is not the result of the 'use' of the automobile").

In the instant case, Insurer argues the trial court erred in finding an adequate causal link existed between Smith's use of the red vehicle and Carraway's injuries. Specifically, Insurer asserts the only connection between Smith's use of the red car and Carraway's injuries is that Smith used the vehicle to travel to the scene of the crime. Carraway argues that the red car was an active accessary because it was used to deliver the assailant to the site of the shooting and to keep Carraway

within the zone of danger until after the injury occurred.[1] We disagree.

We believe the trial judge erred in finding a causal connection between Smith's use of the red vehicle and Carraway's injuries. Smith exited the car and carried on a conversation with a third person for several minutes before the shooting occurred. Even if the use of the car and the shooting were connected, that link was broken by Smith's actions. Unlike the facts in *Wausau,* there was no ongoing use of a vehicle in this case to carry out the attack.

The trial judge also erred in finding that the red vehicle "blocked the roadway at the intersection and prevented [Carraway] from leaving the scene." There is no evidence in the recorded that Carraway was prevented from extricating himself from the situation or that he believed himself to be trapped by the placement of the red car. Carraway made no attempt to leave the scene because, as he testified, it was not unusual for cars to stop in that area of town and for people to get out and talk to others. He said: "I thought nothing of it because I grew up around stuff like that."

We decline to extend the reasoning of the *Wausau* case to this fact situation. We hold that Carraway's injuries were caused by an independent act wholly separate from the use of the vehicle. Accordingly, the judgment is

Reversed.

SHAW and CONNOR, JJ., concur.

---

[1] *See* S.C. Code Ann. § 56-5-1880(a)(2) (Rev. 1991 & Supp. 1994) (providing that no vehicle shall travel on the left side of a roadway when approaching within one hundred feet of or traversing any intersection). *See also* S.C. Code Ann. § 56-5-3810(b) (Rev. 1991) (providing that no driver shall back a vehicle upon any shoulder or roadway of any controlled-access highway); S.C. Code Ann. § 56-5-613 (Rev. 1991) (defining "controlled access highway" as every highway street or roadway to which owners and occupants of abutting lands and other persons have no legal right of access to or from except at such points and in such manner as may be determined by the public authority having jurisdiction over such highway street or roadway).