494 S.E.2d 469

**Jane DOE and Mary Roe, Appellants,**

**v.**

**S.C. STATE BUDGET AND CONTROL BOARD, Office of Insurance Services, Insurance Reserve Fund; Gary Wayne Roberson, in his individual and official capacities; John Short, in his individual and official capacity as Chief of Police; Joe Gebbia, in his individual and official capacities; and the City of Tega Cay, Defendants.**

**Of Whom, S.C. State Budget and Control Board, Office of Insurance Services, Insurance Reserve Fund is Respondent.**

**No. 2764.**

Court of Appeals of South Carolina.

Heard Sept. 9, 1997.

Decided Dec. 8, 1997.

Rehearing Denied Jan. 23, 1998.

---

**2.** Apparently, Reyhani's lot was carved from the 5.526 tract in 1989.

A. Philip Baity, of Baity & Lang, Fort Mill; Frank Anthony Barton and J. Marvin Mullis, Jr., both of Mullis & Barton, Columbia, for appellants.

Andrew F. Lindemann and William H. Davidson, II, both of Ellis, Lawhorne, Davidson & Sims, Columbia, for respondent.

Herbert Hamilton and Dan Ballou, both of Kennedy, Covington, Lobdell & Hickman, Rock Hill, for the City of Tega Cay; and Isaac McDuffie Stone, Ill, for Gary Wayne Roberson, defendants.

HEARN, Judge:

In this declaratory judgment action, Jane Doe and Mary Roe appeal the special circuit court judge's grant of summary judgment in favor of the Insurance Reserve Fund. Appellants argue the Fund has a duty to defend and indemnify the defendants named in their complaint.[1] We affirm.

---

[1] None of the parties to whom a potential defense was owed have appealed the trial judge's order. Thus, the "duty to defend" issue is not before this court.

## FACTS

Appellants commenced a federal lawsuit and this declaratory judgment action after Officer Gary Roberson sexually assaulted each of them on separate occasions. In their district court action, they asserted numerous claims, including federal constitutional and state tort claims.

According to Appellants' Amended Complaint, Roberson preceded each assault by stopping Appellants' vehicles for DUI investigations. When he stopped Jane Doe, he told her that if she would have intercourse and oral sex with him, he would not charge her with DUI. He instructed her to meet him at a secluded location, which she did, and then coerced her into having sex with him inside his car and on its hood, as well as in a parked bus. Similarly, when Roberson stopped Mary Roe, he informed her that he would forgo arresting her in exchange for sex. It is disputed whether Roe followed Roberson to a golf course in her own vehicle or whether she accompanied Roberson in his car.[2] At the golf course they had sex in his car.[3] As a result of the assault, Roe became pregnant and underwent an abortion.

The district court judge granted summary judgment to Appellants as against the Defendant Gary Wayne Roberson. All other defendants were dismissed in the federal lawsuit. Doe and Roe sought a declaratory judgment in state court that the Fund was required to provide coverage under an automobile liability policy and a general tort liability policy for personal injuries suffered by them at the hands of Roberson.

The Insurance Reserve Fund counterclaimed and cross-claimed, seeking declaratory judgments that it does not have a duty to defend or indemnify the defendants under either its automobile or general tort liability policies. The special cir-

---

**2.** This conflict is due to inconsistencies within the Amended Complaint. In her statement of factual allegations, Roe alleges Roberson instructed her to "follow him in her car." In her Tenth Cause of Action, however, Roe alleges Roberson "transported her" to the golf course after forcing her inside his car.

**3.** Roberson was arrested in May 1991 and charged with six counts of criminal sexual assault. He later pled guilty to four counts of misuse of office and received a two-year sentence.

cuit court judge granted the Fund's motions for summary judgment on both grounds.

## DISCUSSION

Appellants argue the special circuit court judge improperly granted the Insurance Reserve Fund's motion for summary judgment. They contend their case involves unresolved questions of fact and that the grant of summary judgment was error.[4] We disagree.

### A. Automobile Liability Policy

Appellants contend the Fund's automobile policy provides coverage for their injuries because the injuries inflicted upon them arose out of the use of Roberson's patrol car. We disagree.

■ Our supreme court has adopted a three-pronged test to determine the scope and meaning of the phrase "ownership, maintenance, or use" of a covered vehicle. First, the claimant must show a causal connection between the vehicle and the injury. *Wausau Underwriter's Ins. Co. v. Howser*, 309 S.C. 269, 272–73, 422 S.E.2d 106, 108 (1992). Next, the court must determine if the injuries were caused by an act independent of the vehicle's use. *Id.* at 273–74, 422 S.E.2d at 108–09; *Carraway v. Smith*, 321 S.C. 23, 25–26, 467 S.E.2d 120, 122 (Ct.App. 1995) (finding no coverage for injuries caused by an independent act wholly separate from the vehicle's use, even where the use of a car and injuries were connected). Finally, the court must determine how the vehicle was used and allow coverage to the extent the vehicle was used for transportation purposes. *Canal Ins. Co. v. Insurance Co. of N. Am.*, 315 S.C. 1, 4, 431 S.E.2d 577, 579–80 (1993) (limiting S.C.Code Ann. § 38–77–140 and "use of motor vehicle" to transportation uses); *see also Hite v. Hartford Accident & Indem. Co.*, 288 S.C. 616, 621, 344 S.E.2d 173, 176 (Ct.App.1986) (defining "use" as "foreseeably identifiable with the normal use, maintenance and ownership of the vehicle").

---

4. Although Appellants argue their case involves unresolved questions of fact, they presented no affidavits, deposition testimony, or other evidence in response to Respondent's motion for summary judgment to show any disputed issues of fact.

■ In this case, we find no causal relationship between the vehicle and Appellants' injuries as required by *Howser*. The situs of an injury is not necessarily a causal link, even though it is connected spatially to the harm. Although we agree with Appellants that Roberson probably could not have stopped them for DUI without the color of authority provided by his patrol car, the stop itself did not cause the harm to Appellants. Moreover, the assaults did not occur at the time of the stop; rather, they occurred sometime later at another location.

■ Even if we were to hold that Appellants had satisfied the first prong of the test and had demonstrated a causal connection between the vehicle and the injury, we believe Roberson's assaults of Appellants were acts of independent significance which broke the causal chain. The injuries to Appellants resulted from Roberson's assaults of them, not from his use of the vehicle. To hold otherwise would subject automobile liability carriers to exposure for any criminal act committed in the insured vehicle. This would certainly expand the reasoning of *Howser*, which we decline to do. *Accord Doe v. State Farm Fire & Cas. Co.*, 878 F.Supp. 862, 868–69 (E.D.Va.1995).[5]

Appellants also argue the trial court erred in finding Roberson's assaults were not "accidents." This amounts to an assertion that Roberson's actions were unintentional. It is undisputed, however, that Roberson intentionally coerced Appellants into having sex with him. Because of our conclusion that Appellants' injuries did not arise out of the use of his patrol car, we need not address this issue.

---

5. *Doe* addressed whether an insured was entitled to uninsured motorist coverage arising out of the use of a stolen vehicle, where the vehicle was used to transport the insured to several locations for the purpose of sexually assaulting her. *Id.* at 862–63. The United States District Court for the Eastern District of Virginia refused to extend coverage. The court noted the existence of some causal connection between the vehicle's use and the insured's injuries, but held that this did not amount to the requisite connection needed to establish coverage. *Id.* at 864–65. "[T]he relevant inquiry is whether the vehicle is being used as a vehicle at the time of injury, and if so, whether the injury resulted from that use. In this case, Doe's injuries arose not from the abduction where the vehicle was used as a means of transportation, but from the assault, where the vehicle was used simply as a situs, or enclosure." *Id.* at 868.

## B. General Tort Liability Policy

The special circuit court judge also found the general tort liability policy did not provide coverage for Appellants' injuries. Appellants argue the policy provides coverage, citing *South Carolina State Budget & Control Board v. Prince* in support of their contention. 304 S.C. 241, 403 S.E.2d 643 (1991). We agree with the special circuit court judge.

Appellants misapprehend *Prince*'s holding. *Prince* held that when insurance policies are ambiguous because of internal inconsistencies, courts must resolve all doubts in favor of coverage. *Id.* at 248, 403 S.E.2d at 647. Here, however, the policy is not ambiguous. It is undisputed that Roberson's "sex for freedom" deals grossly exceeded the scope of his official duties, which is an express limitation of the policy's definition of "persons insured." Contrary to Appellants' assertions, Roberson's "duties" as a police officer do not include all conduct that Roberson might have engaged in while on duty. *See South Carolina Medical Malpractice Liab. Ins. Joint Underwriting Ass'n v. Ferry,* 291 S.C. 460, 463, 354 S.E.2d 378, 381 (1987) (scope of professional services does not include all forms of conduct engaged in by members of a profession).

Moreover, South Carolina Code section 1–11–140 provides that tort liability coverage protects government employees "against tort liability arising in the course of employment." S.C.Code Ann. § 1–11–140(A) (Supp.1996). Our Supreme Court has defined "in the course of employment" as requiring some act in the furtherance of the employer's business. *Prince,* 304 S.C. at 247, 403 S.E.2d at 646. In the present case, no cogent argument can be made that Roberson was furthering the business of his employer at the time he sexually assaulted Appellants.

Accordingly, the decision of the special circuit court judge is

**AFFIRMED.**

CURETON and STILWELL, JJ., concur.