UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATIONWIDE MUTUAL INSURANCE
COMPANY,
<u>Plaintiff-Appellee,</u>

v.

SARA SHERMAN, as Personal
Representative of the Estate of                                    No. 97-2580
William D. Sherman,
<u>Defendant-Appellant,</u>

and

DEREK GRIGGS,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-96-1398-6)

Submitted: June 23, 1998

Decided: July 27, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Fletcher N. Smith, Jr., Greenville, South Carolina, for Appellant. J. R.
Murphy, MURPHY & GRANTLAND, P.A., Columbia, South Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sara Sherman appeals from the district court judgment in favor of Nationwide Mutual Insurance Company in Nationwide's declaratory judgment action seeking a declaration that insured William D. Sherman's death did not arise out of the operation or ownership of an automobile, and therefore, uninsured motorist coverage is unavailable. Finding no error, we affirm.

In 1991, Sherman was fatally shot by Derek Griggs. The shooting occurred in the parking lot outside of a nightclub. Griggs had been involved in an argument in the nightclub with Marvin Young, which continued into the parking lot. Sherman was a friend of Young's, and apparently participated in the argument once in the parking lot.

At the time the shot was fired, Griggs was driving his car at a slow rate of speed through a large crowd that had gathered in the parking lot. Griggs pulled his weapon prior to getting in the car. There was no evidence as to whether Griggs was shooting at Sherman or that Griggs drove the vehicle to obtain a position from which to shoot Sherman. Neither Griggs nor the vehicle he drove was covered by insurance. Sherman was insured by a policy issued by Nationwide, which contained an uninsured motorist provision providing coverage for bodily injury caused by an uninsured motorist if the injury arose out of the operation or ownership of an uninsured motor vehicle.

Griggs was indicted in South Carolina state court for murder, and he pled guilty to voluntary manslaughter. Sara Sherman, as personal representative of the estate of William Sherman, filed suit against the nightclub and Griggs, and asserted a claim against Nationwide under the uninsured motorist coverage of the policy issued by Nationwide to Sherman.

2

Nationwide filed a declaratory action, seeking a declaration that Sherman's death did not arise out of the operation or ownership of an automobile, and therefore, uninsured motorist coverage was unavailable. At the bench trial, the parties stipulated to the aforementioned facts, and the court based its ruling on these facts. Neither party requested an opportunity to submit additional evidence.

The district court ruled in favor of Nationwide, holding that there was no causal connection between the vehicle and the shooting, as required under South Carolina law. Thus, the injury did not arise out of the ownership or use of the uninsured vehicle, and there was no uninsured motorist coverage available. Sara Sherman appeals.

Under South Carolina law, an insured is legally entitled to recover damages "arising out of the ownership, maintenance, or use" of an uninsured vehicle. See S.C. Code Ann. § 38-77-150 (Law. Co-op. 1985). To determine whether gunshot injuries caused by person traveling in an uninsured vehicle arose out of ownership, maintenance, or use of the assailant's vehicle, a court should consider whether there is a causal connection between the vehicle and the injury. See Wausau Underwriters Ins. Co. v. Howser, 422 S.E.2d 106, 108 (S.C. 1992).

Here, the evidence is insufficient to establish the requisite causal connection between the uninsured vehicle and Sherman's injuries. Griggs had ample opportunity to fire at Sherman prior to entering the vehicle. Thus, the vehicle was not necessary for Griggs to shoot Sherman. See Wausau, 422 S.E.2d at 108. The gunshot was also not the "culmination of an ongoing assault, in which the vehicle played an essential and integral part." See Wausau, 422 S.E.2d at 108. The altercation between Griggs, Sherman, and others began inside the club and continued into the parking lot. Griggs had pulled his gun prior to entering the vehicle and could have shot Sherman then, and Griggs' vehicle was not involved in the altercation until the very last moment before Griggs fired the shot. The vehicle was thus only incidental to the shooting, and not essential. See Carraway v. Smith, 467 S.E.2d 120, 121 (S.C. Ct. App. 1995) (holding that when assailant exited car prior to shooting, there was no "ongoing use of a vehicle . . . to carry out the attack"); Wausau, 422 S.E.2d at 108; Home Ins. Co. v. Towe, 441 S.E.2d 825, 827 (S.C. 1994) (holding when use of vehicle placed assailant in position to throw bottle at sign, which hit passenger in

3

passing vehicle, and vehicle's speed contributed to velocity of bottle thus increasing seriousness of passenger's injuries, vehicle was active accessory giving rise to injuries). Sara Sherman failed to establish the requisite causal connection between the vehicle and Sherman's injuries, and thus failed to establish that the injuries arose out of the use of Greggs' vehicle. See S.C. Code Ann. § 38-77-140.*

We therefore affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
*To the extent that Sherman contends the district court erred in not allowing the record to be fully developed prior to ruling, it was not error for the district court to rely on the facts presented by the parties through stipulation. See Richardson v. Director, Office of Workers' Comp. Programs, 94 F.3d 164, 167 (4th Cir. 1996).

4