**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

State Farm Fire and Casualty Company, Respondent,

v.

Phyllis Paden-Adams and Alonzo Adams, Appellants.

Appellate Case No. 2012-205589

———————————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-299
Heard January 16, 2013 – Filed July 3, 2013

———————————

**AFFIRMED**

———————————

Walter Keith Martens and Christi P. Cox, both of Hamilton, Martens, Ballou, & Carroll, LLC, of Rock Hill, for Appellants.

Ronnie Fred Craig, of Clawson & Staubes, LLC, of Charlotte, N.C., and Charles R. Norris, of Nelson, Mullins, Riley, & Scarborough, LLP, of Charleston, for Respondent.

———————————

**PER CURIAM:** Phyllis Paden-Adams and her husband Alonzo Adams (collectively Paden-Adams) appeal the trial court's granting of summary judgment in favor of State Farm Fire and Casualty Company in which the trial court held Paden-Adams was not entitled to underinsured motorist insurance coverage. We affirm.

We find the trial court did not err in holding as a matter of law Paden-Adams was not entitled to UIM coverage under the statutory or policy language. *See* S.C. Code Ann. § 38-77-140(A) (Supp. 2012) (providing insurance coverage for injuries arising out of the "ownership, maintenance, or use" of a vehicle); *Peagler v. USAA Ins. Co.*, 368 S.C. 153, 159-60, 628 S.E.2d 475, 478 (2006) (stating that to establish an injury out of the "ownership, maintenance, or use" of a motor vehicle, the party seeking coverage must show "(1) a causal connection exists between the vehicle and the injury, (2) no act of independent significance breaks the causal link between the vehicle and the injury, and (3) the vehicle was being used for transportation purposes at the time of the injury"); *id.* at 160, 628 S.E.2d at 479 ("The focus is on the extent of the role, if any, the vehicle played in causing the injuries or damage, or whether a particular activity is a covered use as required by statute or a policy provision."); *Canal Ins. Co. v. Ins. Co. of N. Am.*, 315 S.C. 1, 4, 431 S.E.2d 577, 579 (1993) (construing section 38-77-140 and defining "use of a motor vehicle" as limited to transportation uses); S.C. Const. art. V § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents."); *Campbell v. Robinson*, 398 S.C. 12, 18, 726 S.E.2d 221, 225 (Ct. App. 2012) (stating this court may not overrule supreme court precedent); *Hite v. Hartford Accident & Indem. Co.*, 288 S.C. 616, 619, 344 S.E.2d 173, 175 (Ct. App. 1986) (holding the term "use" is "unquestionably a broader term than 'operate' or 'drive.'"). Paden-Adams's expert witness opined her accident was caused by the failure of the South Carolina Department of Transportation's emulsion distributor vehicle to apply a uniform layer of emulsion at a sufficient application rate. Thus, even if we consider the timeframe in which the vehicle was being operated, we find it was being used for construction purposes and not transportation.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**