## 24016

THE HOME INSURANCE COMPANY, A Corporation, Petitioner v. Brian Eugene TOWE, Jerry Edward Alexander, and William Wayne Mc-Claskey, Defendants, of whom William Wayne McClaskey is Respondent.

(441 S.E. (2d) 825)

Supreme Court

*Dana C. Mitchell, III* and *Jesse A. McCall, Jr.,* both of *Mitchell, Bouton, Yokel, & McCall,* Greenville, *for petitioner.*

*Steven M. Krause,* of *Epps, Krause & Nicholson,* Anderson, *for respondent.*

*Robert L. Waldrep, Jr.,* Anderson, *for defendant Jerry Edward Alexander.*

*R. Daniel Day,* Seneca, *for defendant Brian Eugene Towe.*

Heard Oct. 19, 1993.

Decided Feb. 22, 1994.

HARWELL, Chief Justice:

We granted Home Insurance Company's (Home) petition for writ of certiorari to review *Home Insurance Company v. Towe,* — S.C. —, 425 S.E. (2d) 784 (Ct. App. 1992). Home contends that the Court of Appeals erred in ruling that the injuries William McClaskey (McClaskey) received when struck by a bottle thrown from a passing car arose out of the "ownership, maintenance or use" of Brian Towe's (Towe) automobile. We disagree and affirm.

## I. FACTS

While riding in an automobile driven by Towe, Jerry Alexander (Alexander) threw a bottle from the moving vehicle at a road sign. Instead of striking the sign, the bottle shattered on the steering wheel of a tractor McClaskey was driving in the opposite direction, seriously injuring McClaskey and causing minor damage to the tractor. Thereafter, McClaskey filed suit against Towe and Alexander.

Home, Towe's insurer, brought this declaratory judgment

action to determine whether McClaskey's injuries arose out of the "ownership, maintenance or use" of Towe's automobile. The trial judge found that McClaskey's injuries did not arise out of the use of Towe's automobile and McClaskey appealed. While McClaskey's appeal was pending, this Court held that for purposes of uninsured motorist coverage, an injury arises out of the use of an automobile if there is a causal connection between the vehicle and the injury and if no act of independent significance breaks the causal link. *Wausau Underwriters Ins. Co. v. Howser,* — S.C. —, 422 S.E. (2d) 106 (1992). The Court of Appeals reversed the trial judge's ruling, finding that under *Wausau,* McClaskey's injuries arose out of the use of Towe's vehicle.

## II. *DISCUSSION*

Home first argues that *Wausau* applies only to intentionally inflicted injuries and, therefore, the Court of Appeals erred in applying the *Wausau* test to the facts of this case. We disagree.

The test for determining whether an injury arose out of the use of a vehicle turns on the causal connection between the vehicle and the injury. *Wausau* at —, 422 S.E. (2d) at 108. No distinction is made as to whether the injury resulted from a negligent, reckless, or intentional act. *See Westchester Fire Ins. Co. v. Continental Ins. Co.,* 126 N.J. Super. 29, 312 A. (2d) 664 (Super. App. Div. 1973), *Aff'd,* 64 N.J. 152, 319 A. (2d) 732 (1974) (substantial nexus existed between injury and the use of the car regardless of whether the object blew out of the car window, fell out, or was pushed or thrown out). We reject Home's claim that the Court of Appeals erred in applying *Wausau* to the facts of this case.

Home next argues that the Court of Appeals erred in finding that there is a causal connection between the automobile and McClaskey's injuries. We disagree.

The use of the automobile placed Alexander in the position to throw the bottle at the sign and the vehicle's speed contributed to the velocity of the bottle increasing the seriousness of McClaskey's injuries. *Home,* — S.C. at —, 425 S.E. (2d) at 786. As in *Wausau,* the automobile was an active accessory that gave rise to the injuries. *Home* at —, 425 S.E. (2d) at 786. Therefore, we find that the Court of Appeals

did not err in holding that a causal connection exists between the use of Towe's automobile and McClaskey's injuries.

Home next argues that Alexander's act of throwing the bottle is an act of independent significance that breaks the causal connection between McClaskey's injuries and the use of Towe's automobile. We disagree.

The use of the automobile and Alexander's throwing of the bottle were, as in *Wausau,* "inextricably linked" as one continuing act. Accordingly, there was no act of independent significance that broke the causal connection between the use of the automobile and McClaskey's injuries. *Accord Valdes v. Smalley,* 303 So. (2d) 342 (Fla. Dist. Ct. App. 1974) (injuries that resulted from passenger's throwing a bottle from a car were causally connected with the use of the automobile and no intervening event broke the causal link).

For the foregoing reasons, the Court of Appeals' holding that McClaskey's injuries arose out of the use of Towe's car is

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.