503 S.E.2d 744

**STATE FARM FIRE & CASUALTY CO., Plaintiff,**

**v.**

**Randy AYTES and Donna Dawson, Defendants.**

**Donna DAWSON, Third Party Plaintiff,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Third Party Defendant.**

**No. 24827.**

Supreme Court of South Carolina.

Heard Jan. 8, 1998.

Decided July 27, 1998.

---

Timothy A. Domin, of Clawson & Staubes, Charleston, for plaintiff State Farm Fire & Casualty Company.

Edward Paul Gibson, of Riesen Law Offices, North Charleston, for defendants Randy Aytes and Donna Dawson.

Henry E. Grimball, of Buist, Moore, Smythe & McGee, Charleston, for Third Party Defendant State Farm Mutual Automobile Insurance Company.

FINNEY, Chief Justice:

This matter is before the Court on certification from the United States District Court to answer the following questions related to uninsured motorist coverage.

1.  Pursuant to the Findings of Fact of the District Court, does Randy Aytes' classification as a non-permissive user of the Dawson vehicle invoke the Uninsured Motorist Coverage of Donna Dawson's State Farm Mutual Auto policy so as to allow Ms. Dawson to sue Aytes as an uninsured motorist?

2.  Did Donna Dawson's injuries result from the ownership, maintenance, or use of her vehicle?

3.  Can the shooting be characterized as accidental?

## FACTS

On July 22, 1994, Defendant/Third–Party Plaintiff, Donna Dawson (Dawson) owned a vehicle insured by a policy issued by State Farm Mutual Automobile Insurance Co. Prior to this time, Ms. Dawson had forbidden defendant Randy Aytes (Aytes) to drive her car. Dawson and Aytes were together at the home of his mother, Blanche Aytes. Randy Aytes and Dawson became involved in an altercation. Aytes forcibly took Dawson's car key and forced her into her car. Although Aytes was forbidden to drive Dawson's car, he drove her to an area of Blanche Aytes' property with the expressed intent of killing Dawson. While standing outside of the car on the passenger side, Aytes fired a pistol towards Dawson striking her in the foot.

Blanche Aytes' homeowner's insurer State Farm Fire & Casualty Co. instituted a declaratory judgment action against Randy Aytes and Dawson to determine the coverage available under the homeowner's policy. Dawson brought a third-party action against State Farm Mutual Automobile Insurance Co. to bring into the case the question of coverage under her automobile policy. The parties stipulated that there was no coverage under the homeowner's policy. The sole question

remaining before the federal court on cross-motions for summary judgment concerns the coverage in effect on July 22, 1994, under the State Farm Mutual Automobile policy insuring Dawson's vehicle.

■ An insured is legally entitled to recover damages arising out of the "ownership, maintenance, or use" of an uninsured vehicle. S.C.Code Ann. § 38–77–140 (1989). The two-pronged test for determining when an injury arises out of the ownership, maintenance, or use of an uninsured vehicle is set out in *Wausau Underwriters Ins. Co. v. Howser,* 309 S.C. 269, 422 S.E.2d 106 (1992). First, the party seeking coverage must establish a causal connection between the vehicle and the injury. Second, there must exist no act of independent significance breaking the causal link. A third requirement was added in *Canal Ins. Co. v. Insurance Co. of North America,* 315 S.C. 1, 431 S.E.2d 577 (1993): it must be shown the vehicle was being used for transportation at the time of the assault.

■ The causal connection is established where it can be shown the vehicle was an "active accessory" to the assault. *Howser, supra.* The causation required is something less than proximate cause and something more than the vehicle being the mere site of the injury. *Id.* The injury must be foreseeably identifiable with the normal use of the vehicle. *Nationwide Mut. Ins. Co. v. Brown,* 779 F.2d 984 (4th Cir. 1985). The required causal connection does not exist when the only connection between an injury and the insured vehicle's use is the fact that the injured person was an occupant of the vehicle when the shooting occurred. *Id.*

■ In this case, the vehicle was used to transport Dawson to another location. The assailant driver got out of the car and went around to the passenger side where Dawson was sitting. Dawson retrieved a gun from the glove compartment in an effort to defend herself from Aytes. However, Aytes gained control of the gun and while he was standing outside of the car, he fired the gun striking Dawson in the foot. State Farm contends the stationary car was merely the site of the injury and not an "active accessory" to the assault. Dawson contends her car acted as more than the mere site of the injury.

In *Wausau Underwriters v. Howser,* the insured sustained gunshot wounds while traveling on a public highway in an insured vehicle and during a vehicular chase by an unknown assailant in an unidentified vehicle. The Court found the unknown vehicle was an active accessory to this assault: it was not a case in which the assailant merely used the vehicle to provide transportation to the situs of the shooting. The Court stated:

> Only through use of his vehicle was the assailant able to closely pursue Howser, thereby enabling him to carry out the pistol assault. The gunshot was the culmination of an ongoing assault, in which the vehicle played an essential and integral part. Additionally, only a motor vehicle could have provided the assailant a quick and successful escape. Thus, we find a sufficient causal connection exists between the use of the assailant's vehicle and Howser's injuries.

*Wausau Underwriters, supra.* Coverage was not found in *Nationwide Mut. Ins. Co. v. Brown, supra,* where fatal shooting occurred when husband, a passenger in a truck, caused the truck driver to collide with his wife's vehicle and husband jumped out of truck and shot his wife in her vehicle. The court concluded that the use of the truck for transportation to the scene of the shooting was merely incidental, remote from the type of conduct that is reasonably foreseeable with the normal use of a vehicle and not the causative factor in producing wife's death. Instead, the assault in *Brown* was viewed by the court as an act wholly independent of the use of the truck and the cause of the death. The incidental use of the truck in the shooting was not found to meet the causal relation test of coverage.

In *Home Ins. Co. v. Towe,* 314 S.C. 105, 441 S.E.2d 825 (1994), injuries were sustained by a victim when he was struck by a bottle thrown by a passenger in a passing car. The Court stated that "the use of the automobile placed [assailant] in the position to throw the bottle at the sign and the vehicle's speed contributed to the velocity of the bottle increasing the seriousness of [victim's] injuries. As in *Wausau,* the automobile was an active accessory that gave rise to the injuries." The court in *Home Ins. Co.* found that a causal connection existed between the use of Towe's automobile and the victim's injuries. The court stated further "[t]he use of the automobile

and [assailant's] throwing of the bottle were ... 'inextricably linked' as one continuing act. Accordingly, there was no act of independent significance that broke the causal connection between the use of the automobile and [victim's] injuries." *Home Ins. Co.*, 314 S.C. at 108, 441 S.E.2d at 827.

There was not a causal connection in this case as the vehicle was not an active accessory, nor was it being used for transportation at the time of the injury. Further, if there was a causal link, it was broken when the assailant exited the vehicle. The only connection between the car and the injury is the fact that Dawson was sitting in the car when she was shot. Therefore, we do not find Dawson's injuries resulted from the ownership, maintenance, or use of her vehicle.

We do not answer questions one and three since our answer to question two is dispositive under these facts and precludes Dawson from recovering damages arising out of the "ownership, maintenance, or use" of an uninsured vehicle regardless of the answers to questions one and three.

**CERTIFIED QUESTION ANSWERED.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.