523 S.E.2d 181

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,

v.

## Mary Ann BOOKERT and Michael Bookert, Respondents.

### No. 25021.

Supreme Court of South Carolina.

Heard June 8, 1999.

Decided Nov. 22, 1999.

Rehearing Denied Jan. 6, 2000.

John U. Bell, C. Mitchell Brown and William C. Wood, Jr., all of Nelson, Mullins, Riley & Scarborough, L.L.P., of Columbia, for petitioner.

H. Patterson McWhirter, Stacey H. Tarte and Stephen B. Samuels, all of McWhirter, Bellinger & Associates, of Columbia, for respondents.

PER CURIAM:

We granted certiorari to review the Court of Appeals' decision in *State Farm Mutual Auto. Ins. Co. v. Bookert*, 330 S.C. 221, 499 S.E.2d 480 (Ct.App.1997). We reverse.

State Farm brought this declaratory judgment action to determine the extent of coverage it owed under the underinsured motorist provision of an automobile policy issued to respondent Mary Bookert (Mary). The parties stipulated to these facts: Mary's son, respondent Michael Bookert, is an insured under Mary's policy. Michael and some friends stopped at a Hardee's, where two soldiers and about fifteen other young men became involved in an altercation. Michael and his friends left and went to a McDonald's, as did some of the fifteen men from Hardee's. The two soldiers, who were armed, picked up a third soldier and drove to the McDonald's where they circled the parking lot, looking for the Hardee's men. As Michael was about to go in the restaurant, he heard the soldiers yelling, and turned in their direction. The soldiers' vehicle was stopped in the traffic lane with its motor running, one soldier in the back holding a shotgun while the front passenger brandished a handgun. The vehicle jerked forward, the soldier wielding the shotgun fell, and fired his gun. Michael was not hit by the shotgun pellets, but while the

vehicle was still moving forward, the passenger fired the handgun striking Michael with a bullet in each leg.

The circuit court granted Michael and Mary summary judgment, and the Court of Appeals affirmed.

 After the Court of Appeals handed down its opinion, we decided *State Farm Fire & Casualty Co. v. Aytes*, 332 S.C. 30, 503 S.E.2d 744 (1998). In *Aytes*, we restated the three part test for determining whether an individual's personal injuries arise out of the "ownership, maintenance, or use" of an automobile such that they are covered by an automobile insurance policy. The three part test is met when:

1. There exists a causal connection between the vehicle and the injury; and

2. No act of independent significance breaks the causal link; and

3. The vehicle is being used for transportation at the time of the assault.

*Aytes* reiterated the components of the causal connection requirement. In this context, causal connection means:

a. the vehicle was an "active accessory" to the assault; and

b. something less than proximate cause but more than mere site of the injury; and

c. that the "injury must be foreseeably identifiable with the normal use of the automobile."

We find Mary's policy does not cover Michael's injuries because they are not "foreseeably identifiable with the normal use of an automobile." *State Farm Fire & Casually Co. v. Aytes, supra.* Accordingly, the decision of the Court of Appeals is

REVERSED.