523 S.E.2d 457

Jane DOE and Mary Roe, Petitioners,

v.

SOUTH CAROLINA STATE BUDGET AND CONTROL BOARD, OFFICE OF INSURANCE SERVICES, INSURANCE RESERVE FUND; Gary Wayne Roberson, in his individual and official capacities; John Short, in his individual and official capacity as Chief of Police; Joe Gebbia, in his individual and official capacities; and the City of Tega Cay, Defendants,

of whom South Carolina State Budget and Control Board, Office of Insurance Services, Insurance Reserve Fund, is, Respondent.

No. 25020.

Supreme Court of South Carolina.

Heard June 8, 1999.

Decided Nov. 22, 1999.

J. Marvin Mullis, Jr., Frank A. Barton, both of Law Offices of Mullis & Barton, of Columbia; and A. Philip Baity, of Fort Mill, all for petitioners.

Andrew F. Lindemann, William H. Davidson, II, both of Davidson, Morrison and Lindemann, P.A., of Columbia, for respondent.

PER CURIAM:

We granted certiorari to review the Court of Appeals' decision in *Doe v. South Carolina Budget and Control Bd.*, 329 S.C. 214, 494 S.E.2d 469 (Ct.App.1997). We affirm.

Petitioners brought a declaratory judgment action to determine whether sexual assaults committed against them by Tega Cay Police Officer Roberson were covered under two separate insurance policies, an automobile liability policy and a general tort liability policy. The circuit court granted respondent's summary judgment motion, and the Court of Appeals affirmed. *Doe, supra.*

Each petitioner was stopped by Roberson at night on suspicion of driving under the influence, and offered the option of being arrested or having sex with him. Petitioner Doe agreed to meet Roberson at a secluded location, and once there she was forced to perform oral sex on him in his parked cruiser and then to engage in intercourse on the hood of his car. Roberson then drove Doe to another location where they exited the cruiser and engaged in sexual activities in a parked bus.

Roberson stopped petitioner Roe and seated her in his cruiser. After she agreed to sex in return for not being arrested, Roe either drove herself to a golf course or was driven to the golf course in the cruiser by Roberson.[1] Once, there, Roberson first forced Roe to perform oral sex on him while seated in the parked cruiser, and then they had intercourse.

In *State Farm Fire & Casualty Co. v. Aytes*, 332 S.C. 30, 503 S.E.2d 744 (1998), decided after the Court of Appeals issued its *Doe* opinion, we restated the test for determining when an individual's personal injuries arise out of the "ownership, maintenance, or use" of an automobile such that they are covered by an automobile insurance policy. *Aytes* sets forth a three part test:

1. There exists a causal connection between the vehicle and the injury; and

---

1. The factual allegations in Roe's complaint are inconsistent. The method of transportation to the golf course does not affect our analysis of the coverage issue.

2. No act of independent significance breaks the causal link; and

3. The vehicle is being used for transportation at the time of the assault.

In this context, causal connection means:

a. the vehicle was an "active accessory" to the assault; and

b. something less than proximate cause but more than mere site of the injury; and

c. the "injury must be foreseeably identifiable with the normal use of the automobile."

█ It is clear that Doe and Roe cannot meet the *Aytes* requirements. For example, the cruiser was not being used for transportation at the time of the assaults, it was not an "active accessory", and the petitioners' acceptance of Roberson's offers were acts of independent significance which broke any causal link. We agree with the Court of Appeals that respondent was properly granted summary judgment on the automobile liability coverage claims.

█ We also granted certiorari to review the holding granting respondent summary judgment on petitioners' general liability policy claims. We affirm, finding as did the circuit court and the Court of Appeals that Roberson's actions were not within "the scope of his ... official duties," and thus not covered by this policy.

For these reasons, the decision of the Court of Appeals is

AFFIRMED.