THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
Regina P. Alberti, Guardian Ad Litem for William
Cadden, a Minor Under 
 the Age of Ten (10) Years and William Cadden, a Minor Under the Age of 
 Ten (10) Years,        Appellants,
v.
Catawba Insurance Company,       
Respondent.

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-129
Submitted February 9, 2004  Filed February 
 26, 2004

AFFIRMED

 
 
 
J. Joseph Condon, Jr., of N. Charleston, for Appellants.
Bonum Sams Wilson, III, of Charleston, for Respondent.
 
 
 

PER CURIAM: Regina Alberti and William Cadden 
 brought a declaratory action against Catawba Insurance Company to determine 
 if uninsured motorist coverage applied to an accidental shooting that took place 
 outside a car with a firearm found in the glove compartment of the car.  The 
 trial judge found the uninsured motorist coverage did not apply.  We affirm.  

FACTS
While Alberti and her grandson 
 William (Appellants) were visiting George Beard on April 15, 1997, William, 
 age five at the time, entered Beards parked car and retrieved a gun from the 
 glove compartment. William was outside the car when the gun discharged, seriously 
 injuring his right hand. Alberti had an insurance policy with Catawba that provided 
 for uninsured motorist coverage. Appellants filed a declaratory judgment action 
 on August 9, 2000 to determine if the UM coverage applied to this accident.  
 The parties stipulated that the amount of damages exceeded the liability coverage 
 on the vehicle, and therefore, if there was coverage, Catawba would pay the 
 policy limits of the UM coverage.  On March 14, 2002, the trial judge ruled 
 the UM coverage did not apply.  We affirm.   
 ISSUE

Did the trial court err in finding that UM coverage 
 did not apply where the injury resulted from a gun that was retrieved from the 
 glove compartment of Albertis car? 

STANDARD OF REVIEW
A suit for declaratory judgment 
 is neither legal nor equitable, but is determined by the nature of the underlying 
 issue.  Antley v. Nobel Ins. Co., 350 S.C. 621, 625, 567 S.E.2d 872, 
 874 (2002) (citing Felts v. Richland County, 303 S.C. 354, 356, 400 S.E.2d 
 781, 782 (1991)).  An action to determine coverage under an insurance policy 
 is an action at law.  S.C. Farm Bureau Mut. Ins. Co. v. Wilson, 344 
 S.C. 525, 528-29, 544 S.E.2d 848, 849 (Ct. App. 2001).  In an action at law, 
 the trial judges factual findings will not be disturbed on appeal unless a 
 review of the record reveals there is no evidence which reasonably supports 
 the judges findings. Id.
LAW/ANALYSIS
Appellants argue uninsured motorist coverage 
 should apply to cover Williams injuries because Beards car was used to store 
 a gun.  We disagree.
A party making a claim under a car insurance 
 policy for personal injuries arising out of the ownership, maintenance, or 
 use of a car must meet three requirements: a causal chain between the car and 
 the injury, the absence of an act breaking the causal chain, and the use of 
 the car as transportation at the time of the injury. State Farm Mut. Auto. 
 Ins. Co. v. Bookert, 337 S.C. 291, 293, 523 S.E.2d 181, 182 (1999). There 
 is a causal chain if the car was an active accessory to the injury; if the car 
 was something less than proximate cause, but more than the mere site of the 
 injury; and if the injury is foreseeably identifiable with the normal use of 
 the car. Id.  
 No causal connection exists in this case 
 because the record fails to satisfy the three-part test. First, the car was 
 not an active accessory to the injury; it was merely a storage place for the 
 gun.  Second, the car was not the situs of the injury, as William was not injured 
 until he was outside the car.  Finally, the injury to William, inflicted from 
 a gun retrieved from the glove compartment, is not foreseeably identifiable 
 with the normal use of a car.  
Even if a causal link existed between 
 the car and the injury, that link was broken by the self-inflicted nature of 
 the injury. William pulled the trigger after removing the gun from the car. 
 That act was one of independent significance which broke any potential causal 
 connection since the car itself was not used to injure William.  As the trial 
 judge explained in his order, [h]ad the vehicle hit a pothole, causing the 
 gun to discharge and injure the minor Plaintiff, the Court would be faced with 
 a claim of an entirely different nature. Finally, the record clearly demonstrates 
 that the car was not being used for transportation since it was parked at the 
 time of the injury.  
The facts of this case are quite different from 
 cases meeting the three-part test, such as Wausau Underwriters Ins. Co. v. 
 Howser, 309 S.C. 269, 422 S.E.2d 106 (1992) and Home Ins. Co. v. Towe, 
 314 S.C. 105, 441 S.E.2d 825 (1994).  In Howser, the court held that 
 gunshot injuries sustained during a vehicular chase by an unknown assailant 
 in an unidentified car arose out of the ownership, maintenance, or use of an 
 uninsured automobile.  The court stated: 

Only through use of his vehicle was the assailant able to 
 closely pursue Howser, thereby enabling him to carry out the pistol assault. 
  The gunshot was the culmination of an ongoing assault, in which the vehicle 
 played an essential and integral part.  Additionally, only a motor vehicle could 
 have provided the assailant a quick and successful escape.  Thus, we find a 
 sufficient causal connection exists between the use of the assailants vehicle 
 and Howsers injuries. 

Howser, 309 S.C. at 273, 422 S.E.2d at 108. 

As for Towe, the injuries occurred when 
 a bottle thrown from a car struck the victim.  The court found the use of the 
 car placed the assailant in the position to throw a bottle, and the cars speed 
 contributed to the seriousness of the injury.  Towe, 314 S.C. at 107, 
 441 S.E.2d at 827.  Therefore, the court held the car was an active accessory 
 and a causal connection existed between the use of the car and the injuries.  
 Id. at 108, 441 S.E.2d at 827.
The present case more closely resembles State 
 Farm & Cas. Co. v. Aytes, 332 S.C. 30, 503 S.E.2d 744 (1998).  There, 
 an assailant used a car to transport the victim to a certain location.  Having 
 reached that destination, the assailant went around to the passenger side of 
 the car, intending to harm the victim.  The victim retrieved a gun from the 
 glove compartment to defend herself, but the assailant gained control of the 
 gun. The assailant, while standing outside the car, fired the gun toward the 
 victim, who was sitting inside. The victim, an insured passenger, sought UM 
 benefits for the gunshot injuries.  Id. at 33, 503 S.E.2d at 746.  Although 
 the car was the situs of the injuries, the court found no UM coverage applied 
 because the car was neither an active accessory nor a means of transportation 
 at the time of the injury.  In addition, the court stated if there was a causal 
 link, it was broken when the assailant exited the car.  Id. at 35, 503 
 S.E.2d at 746.       
CONCLUSION
Based on the above, the decision of the trial court 
 is 
AFFIRMED.
HEARN, C.J., ANDERSON and BEATTY, JJ., concur.