THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Peter R. Krenn, Individually and as Personal Representative of the Estate 
 of Erik P. Krenn (deceased),        Appellant,
 
 
 

v.

 
 
 
State Farm Mutual Automobile Insurance Company,       
Respondent.
 
 
 

Appeal From York County
John Buford Grier, Master-in-Equity

Unpublished Opinion No. 2004-UP-200
Heard March 11, 2004  Filed March 24, 
 2004

AFFIRMED

 
 
 
Larry Dale Dove, of Rock Hill, for Appellant. 
Timothy A. Domin and Ronnie F. Craig, both
of Charleston, for Respondent. 
 
 
 

PER CURIAM:  The personal representative 
 of the Estate of Erik Krenn appeals the grant of summary judgment to State Farm 
 Mutual Automobile Insurance Company.  We affirm.
FACTS
Sixteen-year-old Erik Krenn was driving 
 a BMW owned by his father when he pulled into a driveway to turn around.  Krenn 
 and his friend, Christopher Diaz, were the only occupants of the car.  An uninsured 
 Chevrolet with four occupants pulled up on the street behind the Krenn vehicle, 
 blocking it in the driveway.  At least one of the Chevrolets passengers, Antonio 
 Gordon, exited the vehicle and approached the BMW on the drivers side.  In 
 both his statement and affidavit, Diaz stated Gordon demanded money and asked 
 if Krenn wanted some marijuana. [1] 
   After Krenn declined the offer, the Chevrolet moved slightly forward, 
 allowing the BMW to back out of the driveway.  Krenn backed the BMW out 
 of the driveway and around the Chevrolet until the two vehicles were roughly 
 parallel in the street.  At that point, Gordonstill standing near the 
 BMWpointed a gun at Krenn and threatened to shoot him.  Diaz stated Gordon 
 reached into the BMW and briefly grabbed the steering wheel.  After Krenn put 
 the BMW into gear and started to drive away, Gordon shot him.  Krenn ultimately 
 died as a result of this gunshot wound.  
 Krenns father insured the BMW and six 
 additional vehicles with State Farm.  Each of the seven vehicles had liability 
 limits of $25,000, and it was agreed that if coverage existed, the policies 
 would be stackable and the estate would be able to collect $175,000.  State 
 Farm moved for summary judgment, arguing there was no genuine issue of material 
 fact and it was entitled to judgment as a matter of law.  The trial court granted 
 the motion, finding the estate failed to establish that the facts in this case 
 meet the requirements under South Carolina law to establish coverage.  
STANDARD OF REVIEW
Summary judgment is proper when it is 
 clear there is no genuine issue as to any material fact and the moving party 
 is entitled to judgment as a matter of law.  West v. Gladney, 341 S.C. 
 127, 132, 533 S.E.2d 334, 336 (Ct. App. 2000).  Summary judgment can be granted 
 when plain, palpable, and indisputable facts exist on which reasonable minds 
 cannot differ.  Byerly v. Connor, 307 S.C. 441, 445, 415 S.E.2d 796, 
 799 (1992).
In reviewing the grant of a summary judgment motion, 
 this Court applies the same standard which governs the trial court . . . .  
 Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).  In determining 
 whether any triable issues of fact exist, the evidence and all reasonable inferences 
 therefrom must be viewed in the light most favorable to the non-moving party.  
 Id.  On appeal from an order granting summary judgment, the appellate 
 court will review all ambiguities, conclusions, and inferences arising in and 
 from the evidence in a light most favorable to the non-moving party below.  
 Id.
LAW/ANALYSIS
 The estate argues the master erred in granting State 
 Farms motion for summary judgment.  Specifically, the estate argues the Chevrolet 
 was used as an active accessory to the attempted carjacking and Krenns subsequent 
 death.  We do not agree.
An insured is legally entitled to recover 
 damages arising out of the ownership, maintenance, or use of an uninsured 
 vehicle.  State Farm Fire & Cas. Co. v. Aytes, 332 S.C. 30, 33, 503 
 S.E.2d 744, 745 (1998) (quoting S.C. Code Ann. § 38-77-140 (1989)).  In order 
 to determine if an individuals injuries are covered by an automobile insurance 
 policy, the insured must prove the following:  (1) there exists a causal connection 
 between the vehicle and the injury; (2) no act of independent significance breaks 
 the causal link; and (3) the vehicle was being used for transportation at the 
 time of the assault.  State Farm Mut. Auto. Ins. Co. v. Bookert, 337 
 S.C. 291, 293, 523 S.E.2d 181, 182 (1999) (citation omitted).  
Furthermore, the causal connection aspect of 
 this three-part test means (1) the vehicle was an active accessory to the 
 assault; (2) something less than proximate cause but more than mere site of 
 the injury; and (3) that the injury must be foreseeably identifiable with the 
 normal use of the automobile.  Id. 
The first prong of the Bookert 
 test mandates that, in order to recover damages, the estate must prove there 
 was a causal connection between the Chevrolet and Krenns death.  The trial 
 court held there was no causal connection in this case, and we agree.  The Chevrolet 
 was not an active accessory to Krenns assault because Gordon had exited the 
 Chevrolet and was standing beside the BMW when he shot Krenn.  Further, while 
 the Chevrolet had originally blocked the BMW in the driveway, at the time of 
 the shooting the Chevrolet had moved in order to allow the BMW to proceed.  
 Assessing these facts, it is apparent that not only was the uninsured vehicle 
 not an active accessory to the assault, it was not even the actual site of the 
 injury, as the vehicle itself was neither part of the assault nor was the assailant 
 inside the vehicle at the time Krenn was shot.  Additionally, Krenns shooting 
 was not foreseeably identifiable with the normal use of the uninsured vehicle.  
 Accordingly, we find the causal connection prong of the Bookert test 
 is not satisfied in this case.  
Assuming the facts before us support the causal 
 connection element, the second element of the Bookert test is not met 
 in this case.  When Gordon exited the Chevrolet before shooting Krenn, this 
 was an act of independent significance that served to break the causal link 
 of the Chevrolets involvement in Krenns assault.  In a similar situation, 
 the supreme court has held that any causal connection is broken when the assailant 
 exits the vehicle.  Aytes, 332 S.C. at 35, 503 S.E.2d at 746.  
Notwithstanding the outcome of the Bookert 
 test, the estate argues that in Unisun Ins. Co. v. Schmidt, 339 S.C. 
 362, 529 S.E.2d 280 (2000), the supreme court held injuries resulting from a 
 carjacking were covered by the uninsured motorist statute.  However, in Schmidt, 
 the court considered whether coverage was allowed when the vehicle considered 
 uninsured is the carjacked vehicle.  This scenario does not apply in the instant 
 case, as Krenns BMW was an insured vehicle and the assailants Chevrolet was 
 uninsured.  Even though the evidence indicates that Gordon briefly grabbed the 
 steering wheel of the Krenn vehicle, there is no evidence that he exercised 
 any control over it to such an extent that it would rise to the level of a non-permissive 
 use of the vehicle as was the situation in Schmidt.  
 AFFIRMED.
 HUFF and STILWELL, JJ., and CURETON, A.J., concur.

 
 
 [1]        We note the statements of the four individuals in the Chevrolet, 
 including Antonio Gordons statement, are substantially the same as Diazs 
 statement and affidavit.