THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Affirmative
 Insurance Services, Inc., Respondent,
 
 
 

v.

 
 
 
 Salvador
 Cruz-Campos, 
 
 
 

Appeal From Jasper County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2012-UP-308
Submitted May 1, 2012 – Filed May 16, 2012    

AFFIRMED

 
 
 
 Darrell Thomas Johnson Jr., of
 Hardeeville, for Appellant.
 Darra J. Coleman and James K. Cluverius
 Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM: Salvador Cruz-Campos (Campos) appeals the
 trial court's grant of summary judgment in favor of Affirmative Insurance
 Services, Inc. (Affirmative), arguing the trial court erred in finding Campos's
 injuries did not arise out of the ownership, maintenance, or use of an uninsured vehicle.  We affirm.[1]
"An appellate court
 reviews the grant of summary judgment under the same standard applied by the
 [trial] court."  Harbit v. City of Charleston, 382 S.C. 383, 389,
 675 S.E.2d 776, 779 (Ct. App. 2009).  The trial court should grant summary
 judgment "if the pleadings, depositions, answers to interrogatories, and
 admissions on file, together with the affidavits, if any, show that there is no
 genuine issue as to any material fact and that the moving party is entitled to
 a judgment as a matter of law."  Rule 56(c), SCRCP.  "In determining
 whether any triable issues of fact exist, the evidence and all reasonable
 inferences must be viewed in the light most favorable to the non-moving
 party."  Harbit, 382 S.C. at 389-90, 675 S.E.2d at 779.  
"An insured is legally
 entitled to recover damages arising out of the 'ownership, maintenance, or use'
 of an uninsured vehicle."  State Farm Fire & Cas. Co. v. Aytes,
 332 S.C. 30, 33, 503 S.E.2d 744, 745 (1998) (citing S.C. Code Ann. § 38-77-140
 (1989)).  In South Carolina, the following three prong test is used for
 determining when an injury arises out of the ownership, maintenance, or use of
 an uninsured vehicle:  (1) the party seeking coverage must establish a
 connection between the vehicle and the injury; (2) there must exist no act of
 independent significance breaking the causal link; and (3) it must be shown the
 vehicle was being used for transportation at the time of the assault.  Id. 
 "The causal connection is established where it can be shown the vehicle
 was an 'active accessory' to the assault[,]" and the injury "must be
 foreseeably identifiable with the normal use of the vehicle."  Id. at 33, 503 S.E.2d at 745-46.    
Here, Campos, Jorge Luna, Carlos
 Abarca, and other unidentified individuals became involved in a physical
 altercation outside of their vehicles.  The altercation quickly escalated and
 resulted in the shootings of Campos and Luna, which also occurred outside of the
 subject vehicles.  Thus, because there was no evidence the vehicles were active
 accessories to the assault or that Campos's injuries were "foreseeably
 identifiable with the normal use" of the vehicles, no causal connection
 between Campos's injuries and the uninsured vehicles was established.  See id.  Further, even if a causal connection was established, it was broken
 when the assailants exited their vehicles.  Moreover, there was no evidence the
 subject vehicles were being used for transportation at the time of Campos's
 injuries.  
Accordingly, the trial court
 properly granted Affirmative's motion for summary judgment because there was no
 genuine issue of material fact whether Campos's injuries arose out of the
 ownership, maintenance, or use of an uninsured vehicle.  
AFFIRMED.
WILLIAMS, THOMAS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.