**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Valeria Farr, Appellant,

v.

Leon Lott in his capacity as Richland County Sheriff and the Richland County Sheriff's Office, Respondents.

Appellate Case No. 2016-002503

———————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-171
Submitted April 1, 2019 – Filed May 8, 2019

———————

**AFFIRMED**

———————

Mark Weston Hardee, of The Hardee Law Firm, of Columbia, for Appellant.

Andrew F. Lindemann, of Lindemann, Davis & Hughes, PA, and Robert David Garfield, of Crowe LaFave, LLC, both of Columbia, for Respondents.

———————

**PER CURIAM:** Valeria Farr appeals the circuit court order granting summary judgment to Leon Lott in his capacity as Richland County Sheriff and the Richland

County Sheriff's Office (collectively Respondents)[1] on her causes of action for negligence—including the negligent hiring, retention, and training of Tracy Stephens, a former officer of the Richland County Sheriff's Office—and assault and battery. On appeal, Farr argues the circuit court erred in granting summary judgment because (1) there is evidence in the record supporting a claim for negligent retention, and (2) Respondents are liable for the torts committed by Stephens because he was acting in the scope of his employment and consistently with the culture of the Richland County Sheriff's Office. We affirm.

1. We find the circuit court did not err in granting summary judgment to Respondents on Farr's claim for negligent retention because no reasonable factfinder could find the risk that Stephens would commit sexual misconduct was foreseeable to Respondents at the time of the incident involving Farr. *See Doe v. ATC, Inc.*, 367 S.C. 199, 206, 624 S.E.2d 447, 450 (Ct. App. 2005) (providing negligent retention cases "generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties"); *id.* ("From a practical standpoint, these elements are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused."); *id.* ("Such factual considerations—especially questions related to proximate cause inherent in the concept of foreseeability—will ordinarily be determined by the factfinder, and not as a matter of law. Nevertheless, the court should dispose of the matter on a dispositive motion when no reasonable factfinder could find the risk foreseeable or the employer's conduct to have fallen below the acceptable standard.").

2. We find the circuit court did not err in granting summary judgment to Respondents on Farr's claims for negligence and assault and battery because Sheriff Lott was entitled to immunity under section 15-78-60(17) of the South Carolina Code (2005) on two grounds: (1) Stephens was not acting in the scope of his employment when he sexually harassed Farr, and (2) Stephens acted with actual malice and intent to harm Farr when he sexually harassed her. *See Frazier v. Badger*, 361 S.C. 94, 102, 603 S.E.2d 587, 591 (2004) (providing the South Carolina supreme court "has held that the term 'scope of employment' as used in an insurance policy is broader than the term 'scope of official duties' as used in the Tort Claims Act"); *id.* ("If 'scope of employment' is a broader term than 'scope of official duties'—the term used in the governmental immunity statute—it follows that acts not within the 'scope of

---

[1] Because Farr did not appeal the circuit court's ruling that the Richland County Sheriff's Office was not a proper entity to be sued, the only Respondent still subject to this appeal is Sheriff Lott in his capacity as Richland County Sheriff.

employment' are not within the 'scope of official duties.'"); *id.* at 103, 603 S.E.2d at 591 (providing "sexual harassment by a government employee is not within the employee's 'scope of employment'" and, therefore, is outside of the employee's "scope of official duties" as well); *Doe v. S.C. State Budget & Control Bd., Office of Ins. Servs., Ins. Reserve Fund*, 337 S.C. 294, 296–97, 523 S.E.2d 457, 458 (1999) (holding a police officer's sexual assaults of women during traffic stops were not within the scope of his official duties); *State Farm Fire & Cas. Co. v. Barrett*, 340 S.C. 1, 10, 530 S.E.2d 132, 136 (Ct. App. 2000) (providing "an intent to harm will be inferred as a matter of law when a person sexually assaults [or] harasses" another person).

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.