# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Nationwide Affinity Insurance Company of America, Appellant,

v.

Andrew Green, Respondent.

Appellate Case No. 2021-000243

Appeal from Florence County
D. Craig Brown, Circuit Court Judge

Opinion No. 28144
Heard October 26, 2022 – Filed March 29, 2023

**AFFIRMED**

John Robert Murphy and Wesley Brian Sawyer, both of Murphy & Grantland, P.A., of Columbia, for Appellant.

Roy T. Willey IV, Matthew Thomas Foss, Alexis Wimberly McCumber, Eric Marc Poulin, and Angeline M. Larrivee, all of Poulin | Willey | Anastopoulo, LLC, of Charleston, for Respondent.

**JUSTICE JAMES:** In *USAA Casualty Insurance Co. v. Rafferty*, we held South Carolina Code section 38-77-160 (2015) requires automobile insurers to offer underinsured motorist (UIM) property damage coverage, and that coverage cannot be limited to an insured's "covered auto." Op. No. 28143 (S.C. Sup. Ct. filed Mar.

29, 2023) (Howard Adv. Sh. No. 12 at 18). This appeal is resolved by our holding in *Rafferty*.

## Background

In 2018, Appellant Nationwide Affinity Insurance Company of America (Nationwide) issued a personal automobile insurance policy to Shameika Clark, Respondent Andrew Green's mother. The policy included $25,000 in UIM property damage coverage for Clark and her family members. The general definition section broadly defined "property damage" as "physical injury to, destruction of[,] or loss of use of tangible property." The UIM endorsement, however, more narrowly defined "property damage" as "injury to or destruction of 'your covered auto.'"

On October 19, 2018, Green was hit by a motor vehicle while walking home from school. Green alleged the driver, Harold Carraway, negligently and recklessly crossed the center line, ran off the road, and struck him. Green claimed he sustained bodily injury and property damage as a result of Carraway's conduct. After Carraway's insurer tendered its liability limits, Green pursued a claim against Nationwide for UIM bodily injury and property damage. Nationwide tendered its UIM bodily injury limits but refused to pay UIM property damage because the accident did not result in damage to a "covered auto."

Nationwide commenced this declaratory judgment action and requested a declaration that Green is not entitled to UIM property damage. Green conceded a "covered auto" was not damaged in the accident but claimed the UIM endorsement impermissibly limits property damage coverage to "injury to or destruction of 'your covered auto.'" Green alleged section 38-77-160 "mandate[s]" the endorsement be reformed to include broader property damage coverage.

Nationwide thereafter moved for judgment on the pleadings. Nationwide relied on Green's concession that a "covered auto" was not damaged in the accident. Citing *Bardsley v. Government Employees Insurance Co.*, 405 S.C. 68, 747 S.E.2d 436 (2013), Nationwide argued section 38-77-160 requires insurers to offer bodily injury coverage but not property damage coverage. Conversely, Green argued section 38-77-160 requires UIM coverage to mirror liability coverage as explained in *Glasscock, Inc. v. U.S. Fidelity & Guaranty Co.*, 348 S.C. 76, 557 S.E.2d 689 (Ct. App. 2001).

The circuit court found *Glasscock* controlling and, therefore, reformed the UIM endorsement to cover "damage to or loss of any tangible property." Nationwide

appealed, and we certified the appeal because the same issue was presented by the certified question in *Rafferty*, Op. No. 28143 (Howard Adv. Sh. No. 12 at 18).

## Discussion

"A suit for declaratory judgment is neither legal nor equitable[] but is determined by the nature of the underlying issue." *Felts v. Richland Cnty.*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). "Whether a particular provision in an insurance policy violates the public policy of the state is a question of law that is reviewed *de novo* by an appellate court." *Williams v. Gov't Emps. Ins. Co. (GEICO)*, 409 S.C. 586, 599, 762 S.E.2d 705, 712 (2014).

Nationwide argues that because the definition of "underinsured motor vehicle" in subsection 38-77-30(15) (2015 & Supp. 2022) refers only to bodily injury coverage, insurers need not offer UIM property damage coverage. Nationwide mistakenly claims we "addressed this very statutory question in *Bardsley*." Nationwide goes on to incorrectly state what it claims is the holding in *Bardsley*—that section 38-77-160 does not require an offer of property damage coverage. Following this premise, Nationwide claims it can limit "purely voluntary" coverage to the insured's "covered auto." We rejected this argument in *Rafferty*, Op. No. 28143 (Howard Adv. Sh. No. 12 at 18).

Nationwide next argues the circuit court improperly relied on *Glasscock*. In *Glasscock*, the court of appeals ruled the portion of section 38-77-160 stating that an insurer must offer UIM coverage "up to the limits of the insured['s] liability coverage" requires the insurer to provide the same type of UIM coverage as liability coverage. *See* 348 S.C. at 83-84, 557 S.E.2d at 692-93. Nationwide argues the court of appeals in *Glasscock* "relied on an interpretation of [section] 38-77-160 that included UIM property damage as part of the statutory language." Nationwide asserts this Court in *Bardsley*, however, "interpreted the language of [section] 38-77-160 to only be applicable to UIM bodily injury coverage . . . ." Therefore, Nationwide argues *Bardsley* "effectively overruled" *Glasscock*. We disagree.

Just as USAA did in *Rafferty*, Op. No. 28143 (Howard Adv. Sh. No. 12 at 14-15 n.2), Nationwide extends *Bardsley* beyond its scope and conflates the terms "statutorily mandated" and "statutorily required." Nationwide also misconstrues the facts and holding in *Glasscock*. There, the court of appeals acknowledged that by covering loss of use damages, the liability provision of the policy at issue "provide[d] greater coverage than the minimum required by statute." 348 S.C. at 83, 557 S.E.2d

at 692.  The court of appeals therefore had to determine whether UIM coverage "up to the limits of the insured['s] liability coverage" includes coverage for loss of use.  As such, *Glasscock* dealt exclusively with an insurer's obligations once UIM coverage is purchased; it did not speak to whether section 38-77-160 "requires" or "mandates" property damage coverage in the first instance.

Moving to the merits of this case, we affirm the circuit court in accordance with our decision in *Rafferty*, Op. No. 28143 (Howard Adv. Sh. No. 12 at 18).  *See Williams*, 409 S.C. at 598, 762 S.E.2d at 712 ("Statutes governing an insurance contract are part of the contract as a matter of law, and to the extent a policy provision conflicts with an applicable statute, the provision is invalid."); *Glasscock*, 348 S.C. at 84, 557 S.E.2d at 693 (indicating reformation is proper when a policy provision conflicts with section 38-77-160); *State Farm Mut. Auto. Ins. Co. v. Bookert*, 330 S.C. 221, 228-29, 499 S.E.2d 480, 483-84 (Ct. App. 1997) (same), *rev'd on other grounds*, 337 S.C. 291, 523 S.E.2d 181 (1999).

## Conclusion

Section 38-77-160 requires insurers to offer UIM property damage coverage, and insurers may not limit that coverage to vehicles defined in a policy as "covered autos."  *Rafferty*, Op. No. 28143 (Howard Adv. Sh. No. 12 at 18).  The circuit court's order reforming Nationwide's UIM endorsement is therefore affirmed.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, FEW, JJ., and Acting Justice John D. Geathers, concur.**